# Exhibit 2-A

Plaintiff's Original Petition

FILED
2015-DCL-06414
10/15/2015 3:16:57 PM
Eric Garza
Cameron County District Clerk
By Beatriz Losoya Deputy Clerk
7395885

2015-DCL-06414

CAUSE NO. _____

| | | |
|---|---|---|
| ALMA GARCIA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CARMERON COUNTY, TEXAS |
| STATE FARM FIRE AND CASUALTY | § | Cameron County - 445th District Court |
| COMPANY, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Alma Garcia ("Plaintiff"), and files this, her *Original Petition* complaining of Defendant, State Farm Fire and Casualty Company, ("Insurer") and would respectfully show the Court the following:

### I. Discovery Control Plan

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. Parties

2. Plaintiff, Alma Garcia, is an individual residing in San Benito , Texas, and may be served through her attorney of record at the address below.

3. Defendant State Farm Fire and Casualty Company is a foreign insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its attorney of record, Corporation Service Company Re: State Farm Fire and Casualty Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. Venue and Jurisdiction

4. Suit is proper in Cameron County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Cameron County, Texas.   Tex.Civ.P.Rem. Code §15.002 (a)(1).   Further, the contract upon which this suit is based was executed in Cameron   County, Texas.   Tex.Civ.P.Rem. Code §15.035(b).

### IV. Facts

5. Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to their property located at 590 S. Mccullough Street, San Benito, Texas 78586.  Pursuant to the terms of the policy, numbered 90-BE-F148-2, Plaintiff had insurance protection on the dwelling and on personal property for any and each such loss resulting from windstorm and hail damage.   The building and contents insured pursuant to the insurance contract sustained damage as the result of two massive hail storms, which struck the Rio Grande Valley area on March 29, 2012 and on April 20, 2012, during the policy period.   The hail and wind storm created openings in the building through which rain and hail entered and caused extensive damage.  Plaintiff filed a claim and Insurer assigned claim number 53416L337.

6. Thereafter, the insurer conducted a pretextual and faulty investigation. Insurer underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

7. Insurer wrongfully denied and/or underpaid Plaintiff's claim under the policy.  Plaintiff seeks a declaration that her claimed losses are covered occurrences under the Policy and seeks damages for her insurer's wrongful denial.

8. Plaintiff first hired a public adjuster to pursue her claims, but when the Insurer failed to compensate her as required under the policy, Plaintiff hired the undersigned attorney to pursue the matter following her insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made on November 3, 2014. To date, Insurer has failed and refused to pay Plaintiff for her attorney's fees, expenses and mental anguish in having to pursue that which she is entitled under her policy of insurance.

9. The actual damages incurred by Plaintiff in the storms is $140,124.63.

## V. Causes of Action

**Cause of Action 1:  Breach of Contract**

10. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

11. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

12. Insurer failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

**Cause of Action 2:  Violation of the Texas Deceptive Trade Practices Act**

13. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

14. At the time of Plaintiff's purchase of the Policy, Defendant insurer was engaged in the business of risk management and for all practical purposes was also engaged in the business of insurance. This insurer underwrote the Policy and provided licensed adjusters to investigate and adjust claims.

15. Insurer's conduct constitutes unfair and deceptive acts or practices in violation of the following sections of the Texas Deceptive Trade Practices-Consumer Protection Act:

17.46(b)(5), for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

17.46(b)(7), for representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

17.46(b)(12), for representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

16. Plaintiff brings suit under these sections of the Texas Deceptive Trade Practices for her actual damages, as set forth above, and by reason of Defendant Insurer's knowing and/or intentional conduct, brings suit for additional damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code.

**Cause of Action 3: Texas Insurance Code Violations**

17. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

18. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Sections 541 and 542, *et seq.* was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, her insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by her insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

19. In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

**Cause of Action 4: Breach of the Duty of Good Faith and Fair Dealing and Breach of Fiduciary Duty**

20. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

21. From and after the time Plaintiff's claim was presented to her insurer, liability to pay

the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

22. At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

23. Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

**Cause of Action 5:  Negligence**

24. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

25. Insurer, its agents, servants, and employees, owed Plaintiff a duty to conduct their claims handling, investigation and adjustment in a reasonable manner and in accordance with the appropriate standard of care in the business of insurance. Insurer breached this standard of care, and the damages sustained by Plaintiff were proximately caused, in whole or in part, by the negligence of the insurer, its agents, servants, or employees in their claims handling, investigation, and adjustment of these claims.

**Cause of Action 6: Gross Negligence**

26. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

27. Insurer's negligence demonstrated a willful and wanton disregard for the rights, welfare, and safety of Plaintiff. Therefore, Plaintiff is entitled to exemplary damages against insurer.

## VI. Actual and Treble Damages

28. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

29. Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

30. These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

31. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

## VII. Rule 47(c) Statement

32. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief she seeks is monetary in nature and is over $200,000 but not more than $1,000,000.

## VIII. Attorney's Fees

33. Plaintiff incorporates each of the previous allegations set forth herein.

34. The insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorney whose name is subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary

appeals to other courts.  Plaintiff has presented her claim for attorney's fees, but insurer chose to ignore it.  Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## IX. Exemplary Damages

35. Plaintiff incorporates each of the previous allegations set forth herein.

36. The conduct, occurrences, representations, acts, omissions, gross negligence, bad faith, and all other allegations against Insurer stated in this petition rise to the level that exemplary damages are warranted under Section 41.003 of the Texas Civil Practice & Remedies Code.

## X. Conditions Precedent

37. All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

## XI. Jury Demand

38. Plaintiff respectfully requests trial of this cause before a Cameron County jury.

## XII. Prayer

**WHEREFORE**, Plaintiff requests that Insurer be cited to appear and answer, and that on final trial, Plaintiff have the following:

a.  Judgment against the insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b.  By reason of insurer's knowing and intentional conduct, treble damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code;

c.  Prejudgment interest as provided by law;

d.  Postjudgment interest as provided by law;

e.    Attorney's fees;

f.    Costs of suit; and

g.    All other relief to which Plaintiff may show herself entitled, either at law or in

      equity, either general or special, under the facts set forth in her petition.


                          Respectfully submitted,

                          **The DeGroot Law Firm, PLLC**
                          3827 N. 10th St., Ste. 304
                          McAllen, Texas 78501
                          Tel:  (956) 627-2787
                          Fax:  (956) 627-4363


                          DAVID DEGROOT
                          State Bar No. 24044444
                          Attorney for Plaintiff
                          Alma Garcia